UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| L.C. Brown, Jr., *aka* L.C. Brown, | ) C/A No. 4:12-784-MGL-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Mr. McCabe, Warden of Lieber C.I., | ) |
| Defendant. | ) |

This matter is before the undersigned upon Plaintiff's motion for temporary injunction (doc. #29).[1] In this motion, Plaintiff requests an immediate hearing asserting that Sylvia Jones of the Lieber mailroom staff has deliberately withheld and did not mail out his legal mail. Plaintiff alleges he sent "discovery" to the mailroom to obtain a debit form which Jones did not issue. Plaintiff requests an immediate hearing with regard to Jones withholding the mail, for an apology from Jones, and for Jones to be suspended without pay while this action is pending. (Doc. # 29).

Defendants filed a response in opposition along with the affidavit of Sylvia Jones "Jones" and mail logs. (Doc. # 32-2). In her affidavit, Sylvia Jones attests that she is not a named Defendant in this action but is personally familiar with the allegations of the motion for a Temporary Injunction. (Id.). Jones attests that she is currently employed by the SCDC and has been at Lieber Correctional Institution (LCI) since November 2009. (Id.). Jones is currently the Postal Director in the mailroom at LCI.(Id.). Inmates like Plaintiff who are housed in areas of heightened security such as Security

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this motion seeks injunctive relief, the report and recommendation is entered for review by the District Judge.

Management Unit (SMU), are not allowed physical access to the mailroom. (Id.). Locked mailboxes are located in each area and mail is picked up daily, Monday thru Friday, excluding holidays. (Id.). Once the mail is picked up forom the mailboxes, it is taken to the mailroom where it is processed and inspected in accordance with SCDC Policy Procedure. (Id.). Inmates, regardless of their indigent status, can send an unlimited amount of legal mail. (Id.). However, their E.H. Cooper Trust Accounts are debited for the cost of all legal correspondence, including envelopes, postage, writing utensils and other necessary supplies, pursuant to SCDC Policy/Procedure, PS 10.08, section 12.2. (Id.). Inmates in SMU must fill out the debit form with their legal mail in order for Jones to send it. (Id.). The debit forms are available in SMU and given to inmates upon request. (Id.). Jones is not personally responsible for supplying the inmates with the debit forms, but depending on the situation, Jones will fill out a debit form and send it back to the inmates to sign and return. (Id.). Inmates in SMU will often correspond with one another by writing the desired inmate's name on the return address portion of the envelope. (Id.). They will then intentionally leave out the debit form because, without the debit form, the mail is sent back to the inmate who sent it. (Id.). Therefore, the mail is returned to the inmate they wished to correspond with since their name is not the return address portion of the envelope. (Id.). The SCDC Policy/ Procedure PS 10.08, section 20 forbids inmates from corresponding with one anther, unless there is proof that an inmate is an immediate family member or inmates are in a joint legal action. (Id.). As LCI has become aware of this form of communication between inmates, they are more careful when processing and inspecting mail received without a debit form. (Id.). Plaintiff attempted to send mail to the Clerk of Court at the beginning of August, but failed to send a debit form with it. After filling out a debit form for Plaintiff, Jones sent it to him requesting that he sign it and informing him that she was holding the

2

mail to send upon receipt of the signed debit form which should not have been a problem. (Id.). On August 10, 2012, Jones sent a "Notice of Withhold incoming/Outgoing Correspondent and Disposition of Correspondence" to Plaintiff after he failed to return the debit form. (Id.). The letter was then forwarded, sealed, to the Correspondence Review Committee to review its contents. (Id.). After review, the letter was returned to Plaintiff. Jones attests that she has never illegally withheld, refused to mail, or illegally interfered with any of Plaintiff's mail, privilege or legal. (Id.). Jones also attests that prior to knowledge of Plaintiff's Motion for Temporary injunction, she was completely unaware that a lawsuit had been filed by Plaintiff against her. (Id.). Jones attests that at all times she followed all SCDC Policies and Procedures. (Id.).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 129, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Plaintiff fails to make the requisite showing of likelihood of success on the merits including actual injury or harm and that, assuming injury or harm, it is irreparable. Plaintiff also fails to show an injunction is in the public interest.

As Plaintiff has failed to meet the Winter factors, it is recommended that this motion for preliminary injunction (#24) be denied.

## **CONCLUSION**

Based on the above, it is recommended that Plaintiff's Motion for Temporary Injunction/ for a Hearing (doc. #29) be DENIED.

                Respectfully submitted,

                s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

September 27, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**