IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| L.C. Brown, Jr. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.4:12-784-MGL |
| -vs- | ) | |
| | ) | Opinion and Order |
| Mr. McCabe, Warden of | ) | |
| Lieber C.I., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff L.C. Brown, Jr., a state prisoner with the South Carolina Department of Corrections ("SCDC"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 on March 20, 2012, alleging violations of his constitutional rights for being denied newspapers and photographs while confined in the Secure Management Unit ("SMU") at Lieber Correctional Institution. Plaintiff seeks monetary damages and declaratory relief.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) for the District of South Carolina, this action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge reviewed the pro se complaint pursuant to the provisions set forth in 28 U.S.C. §§ 1915A, 1915, and the Prison Litigation Reform Act of 1996. On March 12, 2013, Magistrate Judge Rogers issued a Report and Recommendation ("Report") recommending that the Court grant Defendant's motion for summary judgment due to Plaintiff's failure to exhaust administrative remedies and that the complaint be dismissed. (ECF No. 52). The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation. Plaintiff was notified of his right to file objections to the Report and

Recommendation and filed timely objections thereto.

The Magistrate Judge only makes a recommendation to the Court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the Court reviews de novo those portions of the Report that have been specifically objected to, and the Court is allowed to accept, reject, or modify the Report in whole or in part. *Id.* The Court remains mindful that Plaintiff appears before the Court pro se, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

In this matter, Plaintiff contends that he was denied newspapers and photographs in violation of his First Amendment rights while confined in the SMU of Lieber Correctional Institution. Defendant denies Plaintiff's allegations and contends that Plaintiff has not exhausted his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e). Defendant acknowledges that Plaintiff filed a Step 1 Grievance concerning SMU policies dated February 8, 2012. However, Defendant contends that the Step 1 Greivance was not received by SCDC officials until March 28, 2012 which was two weeks after Plaintiff signed the complaint or eight days after the complaint was filed in this Court. Therefore, the Magistrate Judge determined that Plaintiff had not exhausted his administrative remedies prior to filing this suit. The Court agrees.

The Court has conducted the required de novo review and finds Plaintiff's objections are without merit, and are thus overruled. After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, Defendant's motion for summary judgment is granted and Plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Florence, South Carolina
May 23, 2013